UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RACHAEL DENHOLLANDER, LINDSEY LEMKE, JAMIE DANTZSCHER, DREW, COOPER & ANDING, P.C., WHITE LAW P.L.L.C., MANLY, STEWART & FINALDI, P.C., and APPROXIMATELY 80 VICTIMS OF LAWRENCE GERARD NASSAR,

Plaintiffs,

v.

HON. ROSEMARIE E. AQUILINA, Ingham County Circuit Court Judge (official capacity only), LAWRENCE GERARD NASSAR, and BILL SCHUETTE, Michigan Attorney General (official capacity only),

Defendants.
_____/

Case No. 1:17-cv-00305

Hon. Janet T. Neff

**Defendant Hon. Rosemarie E. Aquilina's Brief in Opposition to Defendants' Motion for Restraining Order and Motion for Summary Judgment (Doc. 3)**

**Drew, Cooper, & Anding**
Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
(616) 454-8300
sdrew@dca-lawyers.com

**Manly, Stewart & Finaldi**
John C. Manly (CA 149080)
Vince W. Finaldi (CA 238279)
Alex E. Cunny (CA 291567)
19100 Von Karman Ave., Suite 800
Irvine, California 92612
(949) 252-9990
jmanly@manlystewart.com

**White Law PLLC**
James White (P56946)
John W. Fraser (P79908)
Alexander S. Rusek (P77581)
2549 Jolly Road, Suite 340
Okemos, Michigan 48864
(517) 316-1195
jameswhite@whitelawpllc.com

**Collins Einhorn Farrell PC**
Brian D. Einhorn (P13130)
Trent B. Collier (P66448)
4000 Town Center, Floor 9
Southfield, Michigan 48075
(248) 355-4141
Brain.Einhorn@ceflawyers.com
*Attorneys for Hon. Rosemarie E. Aquilina*

**Michigan Dept Attorney General**
Appellate Division
John S. Pallas (P42512)
Christopher M. Allen (P75329)
P.O. Box 30217
Lansing, MI 30217
(517) 373-4875
*Attorneys for Bill Schuette*

## Introduction

Every criminal defendant has the right to a fair trial before an impartial jury. U.S. Const., amend. VI. Pretrial publicity can threaten this constitutional right to trial. *See, e.g., Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 378 (1979). As Justice Kennedy wrote in *Gentile v. State Bar of Nevada,* 501 U.S. 1030 (1991), "Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right." *Id.* at 1075. The U.S. Supreme Court has therefore imposed on trial judges "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Gannett Co,* 443 U.S. at 378.

The First Amendment also guarantees the right to freedom of speech. U.S. Const., amend. I. This right is fundamental — but not absolute. *Elrod v. Burns,* 427 U.S. 347, 360 (1976). In "sensational" cases, rights imposed under the First Amendment may be in tension with the right to a fair trial. *Nebraska Press Ass'n v Stuart,* 427 US 539, 551 (1976). Courts may address this tension by imposing narrowly tailored restrictions on speech to ensure fair and impartial proceedings. *See, e.g., U.S. v. Brown,* 218 F.3d 415 (5th Cir. 2000) (affirming order restricting public disclosures); *U.S. v. Scarfo,* 263 F.3d 80, 94 (3d Cir. 2001) ("Preventing a 'carnival atmosphere' in a high profile case is also a legitimate reason to gag an attorney.").

The case against Lawrence Nassar is sensational, by any measure. Nassar is accused of sexually assaulting dozens of girls and young women while he was acting as a physician. These allegations have been covered from coast to coast and on national

1

television (such as *60 Minutes*). Attorneys representing interested parties have actively participated what some might call a media frenzy. And most of this coverage seems to presume that Nassar is guilty before he has even been tried.

In that context, Defendant Judge Rosemarie E. Aquilina issued a March 29, 2017 order (the "Original Order") limiting public commentary from witnesses in Nassar's criminal case and from their attorneys. This order was intended to limit inflammatory *public* comments about the criminal allegations against Nassar. Judge Aquilina did not intend to limit alleged victims' private speech or to prohibit reporting or discussing alleged sexual abuse. Because the Plaintiffs incorrectly believe that the Original Order restricts *private* speech, however, Judge Aquilina has vacated the original order and issued a new order (the "Public-Disclosure Order").

In addition to vacating the Original Order, the Public-Disclosure Order imposes more targeted restrictions consistent with the intent behind the Original Order. The Public-Disclosure Order applies to alleged victims only once they are formally named as witnesses and served with the order. (As such, it does not apply at present to any of the Plaintiffs). It gives affected parties a chance to raise objections once they become subject to the order. It expressly preserves witnesses' right to discuss other civil and criminal cases involving Nassar, and it does not affect private speech in any way.

The newly issued order and the vacating of the Original Order make this proceeding moot, as there is no case or controversy. Accordingly, Judge Aquilina respectfully submits that this Court should dissolve its temporary restraining order and dismiss this proceeding.

## Relevant Facts

Judge Aquilina is currently presiding over criminal proceedings against Defendant Lawrence Nassar in the Ingham County Circuit Court.[1] Nassar was a physician with Michigan State University who also served as the team doctor for USA Gymnastics. The criminal charges in *People of the State of Michigan v. Nassar* assert that Nassar committed criminal sexual conduct against girls and young women "under the guise of medical treatment."[2]

Some of the Plaintiffs in this case assert that they are "victims" of "sexual assault by Nassar."[3] Other Plaintiffs represent over "80 victims of sexual assault by Nassar" and assert that "[t]he number of victims is approximate because each firm continues to receive calls as more victims come forward."[4] To date, none of the Plaintiffs has been named as a witness in *People v. Nassar*.[5]

The allegations against Nassar have "garnered media attention," as Plaintiffs put it.[6] And that's an understatement. A Google search for "Larry Nassar" yields thousands of articles, from sources including local news, ESPN, *People Magazine*, *Time Magazine*, and BBC News. Michigan's attorney general held a public press conference where he

---

[1] Complaint, Doc. 1, PgID 2-4, ¶¶ 4, 12. See also *People of the State of Michigan v. Nassar*, Ingham County Circuit Court Case No. 17-000143-FC.
[2] Complaint, Doc. 1, PgID 10, ¶ 58.
[3] *Id.*, PgID 8, ¶ 39.
[4] *Id.*, n. 10.
[5] *Brief in Support of Plaintiffs' Motion for a Temporary Restraining Order and Motion for Summary Judgment*, Doc. 4, PgID 135.
[6] *Id.*

said of Nassar: "This guy is disgusting. He is despicable. He is a monster."[7] Schuette has also tweeted his opinions on the criminal case:



Concerns about this kind of publicity prompted Judge Aquilina to enter a stipulated order limiting public disclosures from the parties and their attorneys on March 13, 2017 (the "Stipulated Order").[8] This order largely incorporates Michigan Rule of Professional Conduct 3.6.

Attorneys representing Nassar's alleged victims were not subject to the Stipulated Order, and they continued to opine online about the criminal charges against Nassar. Nassar's *Brief in Support of Emergency Motion to Limit Public Disclosures by Witnesses and Counsel for Witnesses* details some of those online comments.[9] For example, attorney David Mittleman (who apparently represents alleged victims) called Nassar a

---

[7] See http://www.freep.com/story/news/local/michigan/2017/02/22/msu-larry-nassar-sex-assault/98247038/ (last visited April 11, 2017). See also http://www.clickondetroit.com/news/schuette-monster-larry-nassars-case-could-be-biggest-serial-sexual-assault-in-mi-history (last visited April 11, 2017).

[8] **Exhibit 1**, Stipulated Order Limiting Public Disclosure.

[9] See *Brief in Support of Emergency Motion to Limit Public Disclosures by Witnesses and Counsel for Witnesses*, attached as Exhibit 2 to *Brief in Support of Plaintiffs' Motion for a Temporary Restraining Order and Motion for Summary Judgment*, Doc. No. 4-2, PgID 169 ff.

"Serial Pedophile Preditor [*sic*]" online.[10] In addition, Plaintiff White Law Firm PLLC blogged about potential evidence in Nassar's criminal trial:

> Additionally, there is also a 2004 report from Meridian Township Police Department that Nassar had been investigated for similar accusations and sexual abuse. No request for charges was ever made against Nassar in this circumstance. However, it could suggest a history of such behavior and might be seen as pertinent evidence in continuing investigations and an *eventual criminal trial.*[11]

Accordingly, Judge Aquilina entered the Original Order on March 29, 2017.[12] At the March 29, 2017 hearing, Judge Aquilina indicated that the Original Order did not apply to civil plaintiffs and their attorneys, and that she intended to deal with any issues arising from those parties on a case-by-case basis:

> This order shall be binding upon all parties, all current and potential witnesses related to this case. The problem is—and I know there's been other attorneys. The civil attorneys are doing their thing. First Amendment, I can't crush it. If it becomes a problem, we're going to deal with it on a case-by-case, situation-by-situation basis, and *if I have to put a gag order on somebody, I will do so individually, so bring them forward*, because they cannot interfere with this case. If they want to trample on somebody's rights, the victim or the defendant's, they're going to have to deal with this court, and *we'll do it on a case-by-case basis in open court*. I don't think they're going to be happy with the outcome, so bring it on.[13]

Judge Aquilina also expressed concerns about regulating attorneys who were not before her, and indicated that she did not believe the Original Order applied to them:

---

[10] See "Exhibit E" to *Brief in Support of Emergency Motion to Limit Public Disclosures by Witnesses and Counsel for Witnesses*, attached as Exhibit 2 to *Brief in Support of Plaintiffs' Motion for a Temporary Restraining Order and Motion for Summary Judgment*, Doc. 4-2, PgID 190.
[11] **Exhibit 2**, http://www.whitelawpllc.com/blog/2017/february/ongoing-larry-nassar-sexual-harassment-case-cont/ (last visited April 13, 2017) (emphasis added).
[12] **Exhibit 3**, Original Order.
[13] See **Exhibit 4**, March 29, 2017 Hearing Transcript, at 18.

> Well, do we have case law and my authority over that? That's my issue. That might have to be addressed at a later time in terms of the case law for me to do that because it's far reaching, farther reaching than this [Original Order], and it's over attorneys I don't have jurisdiction over yet, but they certainly have the State Bar who governs them, they have a court reporter who is due a lot of money, apparently. …[14]

Subsequently, Plaintiffs filed this civil action under 42 U.S.C. § 1983 and the Court entered its April 7, 2017 temporary restraining order enjoining enforcement of the Original Order.

On April 12, 2017, Judge Aquilina issued the Public-Disclosure Order,[15] which vacates the Original Order and imposes more narrow terms consistent with Judge Aquilina's original intent.

## Argument

**When events during litigation make a dispute moot, there is no actual case or controversy and the Court lacks jurisdiction. Judge Aquilina vacated the Original Order that forms the basis of Plaintiffs' complaint. Accordingly, there is no case or controversy and the Court lacks jurisdiction.**

Judge Aquilina believes that Plaintiffs misinterpreted the Original Order. Accordingly, Judge Aquilina has vacated the Original Order and entered the Public-Disclosure Order, which more clearly reflects her intent., Therefore, as set forth below, Plaintiffs' claims are moot and the Court lacks jurisdiction.

1. **This Court lacks jurisdiction when subsequent events render a dispute moot.**

Under the constitutional "case or controversy" requirement, this Court's jurisdiction is limited to "real and substantial controvers[ies] admitting of specific relief

---

[14] Ex 4, March 29, 2017 Hearing Transcript, at 21.
[15] **Exhibit 5**, Public-Disclosure Order.

6

through a decree of a conclusive character." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). The Court therefore lacks jurisdiction when a case "has 'lost its character as a present, live controversy' and thereby becomes moot." *Demis*, 558 F.3d at 512 (quoting *Hall v. Beals*, 396 U.S. 472, 477 (1990)). The Sixth Circuit Court of Appeals has made it clear that "mootness is a jurisdictional question." *Demis*, 558 F.3d at 512 (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Moreover, this jurisdictional question is one that applies "through all stages of federal judicial proceedings[.]" *Demis*, F.3d at 512. Thus, "[i]f 'events occur during the pendency of a litigation which render the court unable to grant the requested relief,' the case becomes moot and thus falls outside our jurisdiction." *Demis*, 558 F.3d at 512 (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)).

When state action that allegedly infringes constitutional rights is withdrawn, a constitutional challenge to the state action becomes moot. *Alvarez v. Smith*, 558 U.S. 87 (2009). In *Alvarez*, the plaintiffs alleged that state law did not provide a "sufficiently speedy opportunity for an individual whose car or cash police have seized without a warrant, to contest the lawfulness of the seizure." *Id.* at 89. At oral argument, the Court "learned that the underlying property disputes ha[d] all ended" because the state returned seized cars and the property owners "either forfeited any relevant cash or … accepted as final the State's return of some of it." *Alvarez*, 558 U.S. at 89 Applying the case-or-controversy requirement, the Supreme Court held that the dispute was moot. *Id.* at 94. (The Court nevertheless vacated the lower court's judgment.)

*Operation Clean Gov't v. Rhode Island Ethics Com'n*, 315 F. Supp. 2d 187, 193 (D.R.I. 2004), is another example. The plaintiff in *Operation Clean* alleged that a threat of sanctions violated its constitutional rights. But the party seeking sanctions withdrew its motion. *Id.* at 193. Therefore, the district court dismissed most claims as moot, and dismissed the remaining declaratory-judgment claim as unripe. *Id.* at 196.

In this case, these well-established principles require dismissal of Plaintiffs' claims.

### 2. Plaintiffs' claims are moot, and none of the Plaintiffs is currently subject to the Public-Disclosure Order.

Judge Aquilina disagrees with Plaintiffs' interpretation of the Original Order, as she certainly did not intend to prevent alleged victims from reporting criminal conduct, speaking to therapists, or any of the other harms that Plaintiffs allege. Instead of defending Plaintiffs' overly broad interpretation of the Original Order (which is one Judge Aquilina never intended), she has issued the Public-Disclosure Order,[16] which vacates the Original Order and replaces it with terms consistent with her original intent.

Because the Original Order has been vacated, Plaintiffs' claims are moot and this Court lacks jurisdiction. *Demis*, 558 F.3d at 512. (Additionally, on information and belief, none of the Plaintiffs is presently subject to the Public-Disclosure Order because, at present, none has been named as a witness in the criminal case before Judge Aquilina.[17])

---

[16] Ex. 5, Public-Disclosure Order.
[17] *Brief in Support of Plaintiffs' Motion for a Temporary Restraining Order and Motion for Summary Judgment*, Doc. 4, PgID 135.

Moreover, although Judge Aquilina believes the Original Order was constitutional, the Public-Disclosure Order avoids the constitutional concerns raised in Plaintiffs' filings in this case:

- It applies to a witness only once he or she is listed as a witness in a court filing in the criminal case against Nassar *and* served with a copy of the Public-Disclosure Order.[18]

- It gives affected parties a right to raise any objections to the order once it applies to them.[19]

- It applies only to public commentary and does not apply to *any* private conversations.[20]

- It expressly preserves witnesses' and attorneys' rights to comment publicly on civil and criminal claims against Nassar other than those presently before Judge Aquilina.[21]

- Although Public-Disclosure Order would not apply to private conversations in the first place, it expressly states that it does not apply to any conversations with therapists, doctors, or the like.

Consequently, the Public-Disclosure Order is consistent with Judge Aquilina's intent when issuing the Original Order and with the constitutional concerns raised in Plaintiffs' complaint.

## Conclusion

With the Original Order withdrawn, Plaintiffs' complaint is moot. Accordingly, Judge Aquilina respectfully submits that the Court should dismiss Plaintiffs' complaint for lack of jurisdiction.

---

[18] Ex. 5, Public-Disclosure Order, ¶ 2.
[19] *Id.*, ¶ 4.
[20] *Id.*, ¶¶ 5-12.
[21] *Id.*, ¶ 14.

9

Respectfully submitted,

Collins Einhorn Farrell PC

By: /s/ Brian D. Einhorn
_____
Brian D. Einhorn (P13130)
Trent B. Collier (P66448)
4000 Town Center, Floor 9
Southfield, Michigan 48075
(248) 355-4141
Brain.Einhorn@ceflawyers.com
Trent.Collier@ceflawyers.com
*Attorneys for Hon. Rosemarie E. Aquilina*

Dated: April 13, 2017

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings this _13_ day of _April_, 20_17_.

By: ____ U. S. Mail
    ____ Facsimile
    _✓_ E-File & Serve
Signature _____