UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHAEL DENHOLLANDER et al.,

    Plaintiffs,

v.

ROSEMARIE E. AQUILINA et al.,

    Defendants.

_____/

Case No. 1:17-cv-305

HON. JANET T. NEFF

**ORDER**

On April 4, 2017, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (Dkt 1). Both forms of requested relief concern a March 29, 2017 order issued by the Honorable Rosemarie E. Aquilina, Ingham County Circuit Court Judge, in *People v. Lawrence Gerard Nassar*, Ingham County Circuit Court Case No. 17-143-FC. Plaintiffs also filed a Motion for Temporary Restraining Order and Motion for Summary Judgment (Dkt 3). On April 7, 2017, for the reasons stated therein, this Court issued a Temporary Restraining Order, enjoining enforcement of Judge Aquilina's March 29, 2017 order (Dkt 10). This Court ordered Defendants to file responses to Plaintiffs' motion and set the matter for hearing arguments on why a preliminary injunction should not be issued for the pendency of this case. On April 13, 2017, Judge Aquilina filed a response (Dkt 14). Also filed were a Stipulation and Proposed Order Dismissing Defendant Bill Schuette from Lawsuit (Dkt 15), or, alternatively, a Motion for One-Day Extension to File Response (Dkt 16). Defendant Lawrence Gerard Nassar did not file a response. Having reviewed the motion papers, the Court determines that this case has been rendered moot and is therefore properly dismissed for lack of jurisdiction.

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The case-or-controversy requirement subsists through all stages of federal judicial proceedings. *Id.* It is not enough that a dispute was alive when suit was filed. *Id.* This Court lacks jurisdiction to consider any case or issue that has "lost its character as a present, live controversy" and thereby becomes moot. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

Judge Aquilina requests that this Court dissolve the TRO and dismiss this case as moot (Dkt 14 at PageID.286). Judge Aquilina relies on the fact that she has vacated the March 29, 2017 order under scrutiny in this case and, on April 12, 2017, issued a new "Order Limiting Public Disclosures by Covered Individuals" (Dkt 14-6). Indeed, Judge Aquilina indicates that, consistent with her original intent, "none of the Plaintiffs is presently subject to the Public Disclosure Order" (Dkt 14 at PageID.292). Regardless of whether Judge Aquilina's April 12, 2017 order is sufficient to pass Constitutional muster, the Court agrees that the case at bar, which concerns only the vacated March 29, 2017 order, has been rendered moot. The pending motions will therefore be denied as moot and a Judgment entered dismissing this case for lack of jurisdiction. *See* FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order and Motion for Summary Judgment (Dkt 3) is DENIED AS MOOT, and the April 7, 2017 Temporary Restraining Order (Dkt 10) is DISSOLVED.

**IT IS FURTHER ORDERED** that the hearing scheduled for Tuesday, April 18, 2017 is CANCELLED.

**IT IS FURTHER ORDERED** that the Stipulation and Proposed Order Dismissing Defendant Bill Schuette from Lawsuit (Dkt 15), or, alternatively, a Motion for One-Day Extension to File Response (Dkt 16) are DENIED AS MOOT.

Dated: April 14, 2017             /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge