# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

RACHAEL DENHOLLANDER, et al.

    Plaintiffs,

v.

HON. ROSEMARIE E. AQUILINA, et al.

    Defendants.

Case No.: 1:17-cv-00305

HON: JANET T. NEFF

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT OR FOR RECONSIDERATION**

---

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiffs
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Ph: (616) 454-8300
E: sdrew@dca-lawyers.com
E: asturdivant@dca-lawyers.com

James White (P56946)
John W. Fraser (P79908)
Alexander S. Rusek (P77581)
WHITE LAW PLLC
Attorneys for Plaintiffs
2549 Jolly Road, Suite 340
Okemos, Michigan 48864
Ph.: (517) 316-1195
E: jameswhite@whitelawpllc.com
E: johnfraser@whitelawpllc.com
E: alexrusek@whitelawpllc.com

John C. Manly (CA 149080)
Vince W. Finaldi (CA 238279)
Alex E. Cunny (CA 291567)
MANLY, STEWART & FINALDI
Attorneys for Plaintiffs
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Ph: (949) 252-9990
E: jmanly@manlystewart.com
E: vfinaldi@manlystewart.com
E: acunny@manlystewart.com

Brian D. Einhorn (P13130)
COLLINS EINHORN FARRELL
Attorneys for Defendant Judge Aquilina
4000 Town Center, Floor 9
Southfield, Michigan 48075
Ph.: (248) 355-4141
E: Brian.Einhorn@ceflawyers.com

John S. Pallas (P42512)
Christopher Mark Allen (P75329)
MICHIGAN ATTORNEY GENERAL
Attorneys for Defendant Schuette
525 W. Ottawa Street, Fl. 4
Lansing, MI 48933
Ph.: (517) 373-4875
E: pallasj@michigan.gov
E: allenc28@michigan.gov

Defendant Lawrence G. Nassar
*In Pro Per*

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
FOR RELIEF FROM JUDGMENT OR FOR RECONSIDERATION**

**I.     INTRODUCTION AND BRIEF STATEMENT OF FACTS**

On April 4, 2017, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief together with a Motion for Temporary Restraining Order and for Summary Judgment in this matter.[1] This action was filed in response to proceedings that occurred in *People v. Lawrence Gerard Nassar*, Ingham County Circuit Court Case No. 17-143-FC, that culminated in the entry of an order on March 29, 2017 that sought to "gag" Plaintiffs from speech that is constitutionally protected by the First Amendment (hereinafter "the First Gag Order"). On April 7, 2017, this Court granted Plaintiffs' Motion for Temporary Restraining Order and issued a Temporary Restraining Order that enjoined Defendants from enforcing the First Gag Order.[2]

In direct response to the present litigation, on April 12, 2017, Defendant Judge Aquilina *sua sponte* issued an order entitled "Order Limiting Public Disclosures by Covered Individuals" (hereinafter "the Second Gag Order").[3] In relevant part, the Second Gag Order vacated the First Gag Order.[4] On April 13, 2017, Defendant Judge Aquilina filed her Brief in Opposition to Plantiffs' Motion for Restraining Order and Motion for Summary Judgment in the instant matter and requested dismissal of this action as moot due to the Second Gag Order's vacation of the First Gag Order.[5]

---

[1] PageID.1-263.
[2] PageID.271-278.
[3] Exhibit 1, Certified Copy of April 12, 2017, Order Limiting Public Disclosures by Covered Individuals. Indeed, Defendant Judge Aquilina specifically references the instant matter in her April 12, 2017 Order.
[4] *Id.* at ¶ 1.
[5] PageID.284-321.

1

On April 14, 2017, this Honorable Court issued an Order and Judgment dismissing this case for lack of jurisdiction on the basis that the matter had been rendered moot due to Defendant Judge Aquilina's vacation of the First Gag Order.[6] In its April 14, 2017 Order, the Court indicated that it was not considering the constitutionality of the Second Gag Order but that the case had been rendered moot since Plaintiffs' Complaint only challenged the First Gag Order.[7]

Immediately after Defendant Judge Aquilina issued the Second Gag Order, Plaintiffs began the process of amending their complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) in this matter to specifically challenge the constitutionality of that order. A copy of Plaintiffs' proposed Amended Complaint is attached as Exhibit 2.[8] Plaintiffs now respectfully request that this Honorable Court set aside or reconsider its April 14, 2017 Order and Judgment dismissing this matter as moot and accept filing of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief.

## II. LAW AND ARGUMENT

This Honorable Court should set aside its April 14, 2017 Order and Judgment dismissing this matter as moot because Plaintiffs seek to amend their complaint to challenge the constitutionality of the Second Gag Order. Therefore, the jurisdictional defect that resulted in the dismissal of this matter for mootness has been addressed and cured. The convenience and economies of all parties justify granting relief, and no party would be prejudiced by allowing Plaintiffs to proceed in this matter on their amended complaint.

Federal Rule of Civil Procedure 60(b)(6) grants this Court the authority to "relieve a party or its legal representative from a final judgment, order, or proceedings for . . . any other reason

---

[6] PageID.344-346.
[7] PageID.345.
[8] Exhibit 2, Plaintiffs' Proposed First Amended Complaint for Declaratory and Injunctive Relief.

that justifies relief." The instant motion is being filed on the next business day after entry of the Court's April 14, 2017 Order and is therefore filed "within a reasonable time."[9] A Court's "decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"[10] This Court also has the authority to reconsider its April 14, 2017 Order pursuant to LR 7.4.

In the present matter, the interests of justice support allowing Plaintiffs to amend their complaint and proceed forward with the instant action. Importantly, the dismissal of a case on mootness grounds does not result in a final judgment on the merits for which preclusive effect must be given to the judgment.[11] Therefore, the finality of the judgment does not weigh against granting Plaintiffs' motion. Moreover, there are a considerable number of factors that support granting Plaintiffs' motion and allowing Plaintiffs' to proceed forward with this action as opposed to filing a new action to contest the Second Gag Order. The interests of the convenience of the parties, improved efficiency of this litigation, cost savings, and judicial economy all support granting Plaintiffs the relief they seek. Finally, there will be little to no prejudice on any party by granting Plaintiffs' motion. The relevant parties all are present in this action. Requiring Plaintiffs to file a separate action and re-serve all adverse parties would serve to increase the costs of litigation and create unnecessary delay as to all parties.

---

[9] FED. R. CIV. P. 60(c)(1).
[10] *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 529 (6th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).
[11] *See Fieger v. Corrigan*, 602 F.3d 775, 777-78 (6th Cir. 2010).

Finally, Plaintiffs note that Defendant Judge Aquilina's voluntary *sua sponte* decision to vacate the First Gag Order and replace it with the Second Gag Order did not necessarily render this matter moot.[12] "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of that practice.'"[13] The "stringent" standard for mootness by voluntary cessation has been elaborated by the Supreme Court as follows: "'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' The 'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness."[14]

In the instant matter, Plaintiffs' Complaint for Declaratory and Injunctive Relief alleged that the First Gag Order violated of Plaintiffs' First, Fifth, and Fourteenth Amendment rights to freedom of speech and due process of law. As more fully stated in Plaintiffs' attached Proposed First Amended Complaint for Declaratory and Injunctive Relief, Plaintiffs have raised similar constitutional challenges to the Second Gag Order. For instance, the Second Gag Order was also issued without giving Plaintiffs notice or an opportunity to be heard on the matter and also seeks to restrict speech protected by the First Amendment. Therefore, Defendant Judge Aquilina's assertion of mootness by voluntary cessation fails to meet the "stringent" standard elaborated in *Friends of the Earth, Inc.* because the wrongful behavior complained of by Plaintiffs also exists in the Second Gag Order.

---

[12] *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).
[13] *Id.* (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)).
[14] *Friends of the Earth, Inc.*, 528 U.S. at 189 (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)).

### III. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion for Relief from Judgment or for Reconsideration and award the following relief:

A. Set Aside the April 14, 2017 Order and Judgment entered in this matter; and,

B. Accept filing of Plaintiffs' Proposed First Amended Complaint for Declaratory and Injunctive Relief.

Respectfully submitted,

Dated: April 17, 2017    By:    /s/ Stephen R. Drew
Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiffs
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Phone: (616) 454-8300

Dated: April 17, 2017    By:    /s/ James White
James White (P56946)
John W. Fraser (P79908)
Alexander S. Rusek (P77581)
WHITE LAW PLLC
Attorneys for Plaintiffs
2549 Jolly Road, Suite 340
Okemos, Michigan 48864
Phone: (517) 316-1195

Dated: April 17, 2017    By:    /s/ John Manly
John C. Manly (CA 149080)
Vince W. Finaldi (CA 238279)
Alex E. Cunny (CA 291567)
MANLY, STEWART & FINALDI
Attorneys for Plaintiffs
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Ph: (949) 252-9990

5

**CERTIFICATE OF SERVICE**

The foregoing document was filed electronically on the 17th day of April, 2017 in accordance with the Court's ECF system. Notice of this filing will be sent to all parties by operation of the Court's ECF system. Plaintiffs will serve a copy of this Brief and Exhibits to Defendant Nassar via First Class U.S. Mail to Inmate Lawrence Gerard Nassar, c/o Sgt., Newaygo County Sheriff, P.O. Box 845, White Cloud, MI 49349.

Respectfully submitted,

Dated: April 17, 2017       By:   /s/ Stephen R. Drew
Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiffs
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Ph: (616) 454-8300

Dated: April 17, 2017       By:   /s/ James White
James White (P56946)
John W. Fraser (P79908)
Alexander S. Rusek (P77581)
WHITE LAW PLLC
Attorneys for Plaintiffs
2549 Jolly Road, Suite 340
Okemos, Michigan 48864
Ph: (517) 316-1195

Dated: April 17, 2017       By:   /s/ John Manly
John C. Manly (CA 149080)
Vince W. Finaldi (CA 238279)
Alex E. Cunny (CA 291567)
MANLY, STEWART & FINALDI
Attorneys for Plaintiffs
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Ph: (949) 252-9990