STATE OF MICHIGAN
IN THE 30TH CIRCUIT COURT FOR INGHAM COUNTY

PEOPLE OF THE STATE OF MICHIGAN,

                    Plaintiff,                          Case No. 17-143-FC

v                                                       **Hon. Rosemarie E. Aquilina**

LAWRENCE GERARD NASSAR,

                    Defendant.
_____/

### ORDER LIMITING PUBLIC DISCLOSURES BY COVERED INDIVIDUALS

One of this Court's paramount concerns is ensuring a fair trial to all parties. This concern prompted this Court's March 29, 2017 Order (the "*Original Order*") limiting public disclosures by witnesses and counsel for witnesses in *People v Nassar*, Case No. 17-143-FC (the "*Criminal Case*").

After entry of the Original Order, certain individuals and entities filed a federal lawsuit against this Court, Lawrence Nassar, and Attorney General Bill Schuette to enjoin enforcement of the Original Order. See *Denhollander v Aquilina*, W.D. Mich., Case No. 1:17-cv-00305. Based on the allegations in *Denhollander*, it appears that those individuals and entities misunderstand the scope and intent of the Original Order. Therefore, this Court vacates the Original Order and issues this Order (the "*Public-Disclosure Order*") to continue protecting the right to a fair trial with an impartial jury and prevent extrajudicial comments that would not only create a "carnival atmosphere," but would also prejudice this Court's ability to conduct a fair trial. *US v Scarfo*, 263 F3d 80, 94 (3d Cir 2001); *US v Brown*, 218 F3d 415 (5th Cir 2000). Accordingly, this Public-Disclosure Order is intended to address what this Court views as mistaken statements and beliefs about the intent of the Original Order.

Now, therefore, **IT IS ORDERED**:

1. The Original Order is **vacated**.

2. This Public-Disclosure Order applies *only* to ***Covered Individuals***. A Covered Individual is one of the following:

   a. A party in the Criminal Case,

   b. An attorney who represents a party in the Criminal Case (and any member or employee of that attorney's law firm),

c. An individual who has been (i) named in a court filing as a witness in the Criminal Case *and* (ii) served with a copy of this Order, with service established through a proof of service filed in the Criminal Case, or

d. An attorney who represents a witness as described in Paragraph 2(c) of this order (and any member or employee of that attorney's law firm).

3. Attorneys in the Criminal Case are responsible for serving a copy of this Public-Disclosure Order on any witness that they list in court filings, and for filing a proof of service.

4. Any witness or attorney who becomes a Covered Individual through Paragraphs 2(c) or 2(d) of this Public-Disclosure Order may file an objection with this Court within 14 days of service of the order. This objection must be accompanied by a brief explaining the basis for that individual's objection and providing supporting legal authority. The objecting party must serve a copy on other parties in the Criminal Case.

5. "*Publicly*," as used in this Public-Disclosure Order, has its common meaning, and it includes statements on social media and statements to representatives of print, online, or television media. See, e.g., Random House Webster's Unabridged Dictionary (2d ed. 2001), p 1563 (defining *publicly* as "in a public or open manner or place").

6. Except as stated in this order, no Covered Individual may *publicly* share information relating to the Criminal Case, other than information available in a public court file.

7. If a Covered Individual shares information about the Criminal Case that is available in a public court file, the Covered Individual may only share direct quotations (without elaboration) from publicly available documents and must identify the document quoted.

8. No Covered Individual may publicly discuss the guilt or innocence of Defendant Lawrence Nassar with respect to the charges in the Criminal Case.

9. No Covered Individual may publicly discuss the strengths or weaknesses of the claims against Nassar in the Criminal Case.

10. No Covered Individual may publicly comment on the truthfulness or credibility of any other Covered Individual regarding the allegations in the Criminal Case.

11. When commenting publicly about the Criminal Case, a Covered Individual may not refer to Nassar by any word other than his name or "the defendant."

12. No Covered Individual may publicly disseminate the transcript of Nassar's preliminary examination in the Criminal Case or any other transcript in the Criminal Case.

13. No Covered Individual may possess a copy of the transcript of Nassar's preliminary examination unless the Covered Individual (or his or her law firm) has paid the necessary fee for a copy of that transcript. If a Covered Individual (or his or her law firm) has a copy of the transcript for which neither the Covered Individual nor his or her law firm has paid, the Covered Individual must immediately destroy all copies.

14. Nothing in this order shall be interpreted as prohibiting a Covered Individual from discussing civil or criminal claims against Nassar other than the specific claims at issue in the Criminal Case.

15. Nothing in this order shall be interpreted as prohibiting a Covered Individual from making any statement to law-enforcement agencies, medical personnel, therapists, attorneys, government agents, or similar parties about the Criminal Case or their personal experience with Nassar.

16. All attorneys participating in the Criminal Case are reminded of their obligations under Michigan Rule of Professional Conduct 3.6. This Court takes lawyers' ethical responsibilities seriously and is obligated to report any misconduct "that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer" to the Attorney Grievance Commission, as required under Michigan Rule of Professional Conduct 8.3(a).

17. This Public-Disclosure Order will remain in effect until the Criminal Case has ended and all direct appeals have concluded.

**IT IS SO ORDERED.**

Hon. Rosemarie E. Aquilina (P37670)
30th Circuit Court Judge

Dated: April 12, 2017

CERTIFIED COPY
30TH CIRCUIT COURT
BARB BYRUM, COUNTY CLERK

APR 13 2017

I hereby certify that this document is a true and
correct copy of the original on file with the court.
Deputy Clerk