UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHAEL DENHOLLANDER et al.,

     Plaintiffs,                          Case No. 1:17-cv-305

v.                                        HON. JANET T. NEFF

ROSEMARIE E. AQUILINA et al.,

     Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Plaintiffs' Motion for Relief from Judgment or for Reconsideration (ECF No. 20).  Defendant Aquilina filed a response in opposition to the motion (ECF No. 24), and Defendant Schuette filed a response in support of the motion (ECF No. 25). Defendant Nassar did not file a response.  For the reasons that follow, the Court denies Plaintiffs' motion.

### I.  BACKGROUND

On April 4, 2017, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (ECF No. 1).  Both forms of requested relief concerned a March 29, 2017 order issued by the Honorable Rosemarie E. Aquilina, Ingham County Circuit Court Judge, in *People v. Lawrence Gerard Nassar*, Ingham County Circuit Court Case No. 17-143-FC ("the First Gag Order").  Plaintiffs also filed a Motion for Temporary Restraining Order and Motion for Summary Judgment (ECF No. 3).  On April 7, 2017, for the reasons stated therein, this Court issued a Temporary Restraining Order, enjoining enforcement of the First Gag Order (ECF No. 10).

On April 12, 2017, Judge Aquilina vacated the March 29, 2017 order and issued an "Order Limiting Public Disclosures by Covered Individuals" ("the Second Gag Order"). Judge Aquilina argued that this matter was rendered moot and should be dismissed (ECF No. 14). Without addressing the topic of this Court's jurisdiction over the subject matter, Defendant Schuette asserted that this Court should enter a stipulation to dismiss him from this lawsuit (ECF No. 15). This Court determined that the matter had been rendered moot and entered an Order and Judgment on April 14, 2017, dissolving the Temporary Restraining Order and dismissing the case for lack of jurisdiction (ECF Nos. 18 & 19).

Plaintiffs now request that this Court either reconsider or set aside its April 14, 2017 Order and Judgment dismissing this matter as moot and accept the filing of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, which challenges the Second Gag Order (ECF No. 21 at PageID.357-358).

In response, Judge Aquilina asserts that Plaintiffs seek to raise hypothetical constitutional objections to a state court order that (a) does not apply to them, and (b) provides notice and an opportunity to object to anyone who does become subject to it (ECF No. 24 at PageID.423). Judge Aquilina argues that Plaintiffs' proposed First Amended Complaint fails as a matter of law based on Plaintiffs' lack of standing, the applicability of abstention doctrines, and Plaintiffs' failure to state a claim (*id.* at PageID.423-424).

Defendant Schuette incorporates Plaintiffs' arguments in support of re-opening this case and reiterates his request that this Court enter the stipulation to dismiss him from it, although Defendant Schuette also notes that he is not named in Plaintiffs' proposed First Amended Complaint (ECF No. 25 at PageID.443).

## II.  ANALYSIS

### A.  Motion for Reconsideration

The Local Rules for the Western District of Michigan provide that "[g]enerally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted."  W.D. Mich. LCivR 7.4(a).  "The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."  *Id.*

Relying on *Friends of the Earth v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167 (2000), Plaintiffs argue that "Defendant Judge Aquilina's voluntary sua sponte decision to vacate the First Gag Order and replace it with the Second Gag Order did not necessarily render this matter moot" (ECF No. 21 at PageID.359).  According to Plaintiffs, Defendant Judge Aquilina's assertion of mootness by voluntary cessation "fails to meet the 'stringent' standard elaborated in *Friends of the Earth*" (*id.*).

Plaintiffs' argument for reconsideration is premised on an exception to the mootness doctrine described in *Friends of the Earth*, 528 U.S. at 189-194, to wit:  the proposition that a defendant may not render a case moot by "voluntarily ceasing" the challenged conduct.  *See also City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).  Importantly, *Friends of the Earth* involved a private, non-governmental defendant.  The specific question before the Supreme Court was whether the citizen's claim for civil penalties under the Clean Water Act must be dismissed as moot when the defendant, after commencement of the litigation, came into substantial compliance with the terms of its discharge permit.  528 U.S. at 173-74.  The Court held that "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."  *Id.* at 174.  The Court indicated that a case nonetheless might "become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  *Id.* at 189.

3

Here, of course, as Judge Aquilini points out (ECF No. 24 at PageID.424, n.1), her action in vacating the First Gag Order is not a "cessation of a practice by a private party" like the remedial action taken by the defendant-polluter in *Friends of the Earth*. The Seventh Circuit has held that the *Friends of the Earth* standard "is the appropriate standard for cases between private parties, but this is not the view we have taken toward acts of voluntary cessation by government officials[,]" as "we place greater stock in their acts of self-correction, so long as they appear genuine." *Fed'n of Adver. Indus. Representatives v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003) (citation and internal quotation marks omitted). *See also Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009) ("government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties").

The Sixth Circuit has similarly distinguished between "the way voluntary cessation of illegal activities is treated when the offending parties are government officials rather than private parties." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) (finding moot a plaintiff's efforts to recover child support funds from a government agency when a subsequently passed state statute and a proposed federal regulation established procedures to achieve the result she sought). According to the Sixth Circuit, "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties" and "such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981-82 (6th Cir. 2012) (quoting *Mosley, supra*).

Therefore, Plaintiffs' argument that "Defendant Judge Aquilina's assertion of mootness by voluntary cessation fails to meet the 'stringent' standard elaborated in *Friends of the Earth*" (ECF

No. 21 at PageID.359) is misplaced inasmuch as the "stringent" standard elaborated in *Friends of the Earth* does not apply to government officials.

Moreover, the Court notes that Plaintiffs do not dispute that the Second Gag Order is a new order, with provisions that differ from the First Gag Order. *Compare Aladdin's Castle, supra* (finding critical to its holding "the City's announced intention to reenact the unconstitutional ordinance if the case was dismissed as moot") *with Brandywine, Inc. v. City of Richmondy, Kentucky*, 359 F.3d 830, 836 (6th Cir. 2004) (holding that a city's repeal of an allegedly unconstitutional provision of an ordinance mooted the plaintiff's claims for declaratory and injunctive relief and noting that no threat to re-enact the same ordinance was made) and *Bench Billboard*, 675 F.3d at 981 (holding that where the city deleted the ordinance in question, the plaintiff's claims for injunctive and declaratory relief with respect to that section were mooted, and noting "no evidence in the record that the City has announced any intention of, or made any threat to, reenact Section 723–20; rather, "the new ordinance constitutes an entirely new statutory scheme and prohibits bench billboards and other forms of advertising in the rights-of-way altogether").

In short, Plaintiffs' argument does not provide a basis upon which to find a palpable defect by which this Court and the parties have been misled. Therefore, their request for reconsideration of this Court's April 14, 2017 decision is properly denied.

### B. Motion for Relief from Judgment

Whether this Court should nonetheless set aside the April 14, 2017 Judgment and permit amendment of the Complaint is governed by Federal Rule of Civil Procedure 60. *See generally Metyk v. KeyCorp*, 560 F. App'x 540, 543 (6th Cir. 2014) ("A party who seeks to amend a complaint after final judgment must first reopen the case pursuant to Rule 60(b)."); *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) ("Following entry of final judgment, a party may

not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.").   Rule 60(b) provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).   Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.   *Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 454 (6th Cir. 2008).   The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence.   *Id.*

Here, Plaintiffs rely on subsection (6) of Rule 60(b), which provides for relief from judgment for "any other reason."   The Sixth Circuit has held that Rule 60(b)(6) provides relief "only in exceptional and extraordinary circumstances," which are defined as those "unusual and extreme situations where principles of equity mandate relief."   *Exp.-Imp. Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (citation omitted); *see also In re Ferro*, 511 F.3d at 624 (observing that because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)," courts must grant Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity mandate relief").

Plaintiffs argue that the convenience of the parties, improved efficiency of this litigation, cost savings, and judicial economy are all interests that support granting Plaintiffs' motion and allowing Plaintiffs to proceed forward with this action, as opposed to filing a new action to contest the Second

Gag Order (ECF No. 21 at PageID.358).  However, the Court is not convinced that the convenience and economies that would result from permitting amendment of their Complaint, compared to simply filing a new lawsuit, constitute the type of "unusual and extreme situations where principles of equity mandate relief."  *See, e.g., Kuntz v. City of Dayton*, 99 F.3d 1139 (6th Cir. 1996) (denying Rule 60(b)(6) relief and observing that the plaintiff is free to file a new lawsuit raising his claims); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991) (rejecting the defendants' argument that relief from judgment should be granted because of changes in the composition or the political makeup of the Board of Elections and because justice would be better served if the Voting Rights Act issue were adjudicated on the merits).  Therefore, in its discretion, the Court denies Plaintiffs' request for this Court to set aside the Judgment and re-open this case.

Accordingly, Defendant Schuette's reiteration for his individual dismissal from this case is also properly denied.  "A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."  *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992).  *Cf. Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (explaining that mootness implicates a court's subject-matter jurisdiction); *Mosley*, 920 F.2d at 414 (same).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Relief from Judgment or for Reconsideration (ECF No. 20) is DENIED, and this case remains CLOSED.


Dated:  May 15, 2017                                     /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge